IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02545-RPM

SAMUEL WALKER and
DIANE WALKER,

    Plaintiffs,

v.

TELLER COUNTY BOARD OF COUNTY COMMISSIONERS;
TELLER COUNTY ANIMAL CONTROL;
TELLER COUNTY SHERIFF'S DEPARTMENT;
LARRY DIETSCHE in his capacity as Deputy Sheriff and individually;
CHERIE FRANCE, in her capacity as Animal Control Officer and individually, and
KEVIN DOUGHERTY, in his capacity as Sheriff and individually,

    Defendants.

---

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

    This is an action for damages under 42 U.S.C. § 1983. The plaintiffs' claims arise out of a series of state court criminal proceedings involving charges against Samuel Walker for violations of the Animal Control Ordinance of Teller County, Colorado, and state law prohibiting cruelty to animals. On June 7, 2006, the defendants moved for summary judgment, arguing that the plaintiffs' claims are precluded by *Heck v. Humphrey,* 512 U.S. 477 (1994), and the doctrines of *res judicata* and collateral estoppel.

    The Walkers raise and train sled dogs for competition. They own approximately 40 acres of land in Teller County, Colorado, located at 1711 Wildhorn Road, Florissant, Colorado ("the

property"). During the period relevant to this action, the Walkers resided on the property and maintained a dog kennel on it.

In 1998 the Walkers obtained a state kennel license. A state kennel license was required because Teller County issues licenses only for kennel facilities housing fewer than 20 dogs. The Walkers at times kept more than 100 dogs at their kennel.

In 2003, Mr. Walker was charged with 103 counts of failure to obtain a dog license in violation of section 3.5 the Teller County Animal Ordinance. Mr. Walker was also charged with one count of cruelty to animals in violation of C.R.S. § 18-9-202. These actions, designated Teller County Case Nos. 03-M-94 and 03-M-122, were consolidated. On August 1, 2003, following a trial to the court, County Court Judge Jackson L. Peters found Mr. Walker guilty of those offenses. (Defs.' Ex. L). Mr. Walker was sentenced to 24 months of unsupervised probation and assessed fines and court costs of approximately $2500.00. (Defs.' Exs. A & D). The probation order required Mr. Walker to make the dogs available for inspection upon request by the Teller County Animal Control. (Defs.' Ex. A). Mr. Walker's appeals of those convictions were unsuccessful. (Defs.' Ex. B).

In 2003 the Fourth Judicial District Attorney's Office also brought six separate actions against Mr. Walker for disturbing the peace and for violations of the section of the Teller County Animal Control Ordinance pertaining to barking dogs. A trial to the court was held on March 3-5, 2004. Teller County Court Judge Peters found Mr. Walker guilty on all charges except those in Case No. 03-M-464. (Defs.' Ex. C). The court imposed fines and ordered that the Walkers could maintain no more than 30 dogs on their property. (Defs.' Ex. M). Mr. Walker appealed

these convictions, but as described below, he voluntarily dismissed the appeals in December 2004 as part of a plea agreement. (Defs.' Ex. J).

Other dog-related criminal charges were brought against Mr. Walker in 2003 and 2004.[1] On December 12, 2004, a consolidated disposition hearing was held in nine cases (03-M-45; 04-M-67; 04-M-215; 04-M-245; 04-M-339; 04-M-357, 04-M-358; 04-M-468, and 04-M-537). (Defs.' Ex. I). The transcript of that hearing shows that Mr. Walker agreed to remove all of the dogs from the Teller County property, and the State agreed to dismiss the pending charges against Mr. Walker. Mr. Walker also agreed to dismiss the appeal of his convictions in the five "barking dog" cases, Case Nos. 03-M-409, 03-M-418, 03-M-514, 03-M-517, and 03-M-599. Teller County Court Judge Peters approved the disposition. (Defs.' Ex. I).

The Walkers brought this action on December 15, 2005, seeking damages in an amount that will compensate them for the fines assessed in the criminal actions, their legal fees incurred in defending those actions, the cost of purchasing new property outside the county for the relocation of the kennel, lost wages, and emotional distress. In their first claim for relief, brought under 42 U.S.C. § 1983, the plaintiffs allege violations of rights protected by the United States Constitution. The plaintiffs' second claim for relief, for violations of rights protected by the Colorado Constitution, was dismissed on March 22, 2006, on the plaintiffs' motion for voluntary dismissal.

---

[1] On September 29, 2004, a trial to jury began in six consolidated cases (04-M-67, 04-M-215, 04-M-245, 04-M-339, 04-M-357, and 04-M-358). (Defs.' Ex. G). The record is not entirely clear, but it appears that a mistrial was declared after it was discovered that a member of the jury panel had failed to disclose relevant information.

The plaintiffs' section 1983 claim is based in part on allegations that their rights to Due Process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution were violated by the defendants' failure to independently investigate the barking dog complaints and the delegation of enforcement of the barking dog ordinance to the Walkers' neighbors. Compl. ¶¶ 22-37, 72. The defendants argue that there is no constitutional right to an "independent investigation." The plaintiffs have not provided any authority supporting the proposition that the defendants had a duty to conduct a more thorough investigation of the barking dog incidents before issuing criminal citations or continuing with the prosecution of those offenses.

Even if the citations issued to Mr. Walker were subject to challenge on this basis, the plaintiffs' claim could not proceed under section 1983. The plaintiffs' claim is premised in part on their contention that Mr. Walker should not have been prosecuted for the offenses for which he was convicted in Teller County Case Numbers 03-M-409; 03-M-418; 03-M-514; 03-M-517, and 03-M-599. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). It is undisputed that Mr. Walker's convictions for violations of the Animal Control Ordinance pertaining to barking dogs have not been reversed, expunged, declared invalid or called into question by any court. Section 1983 does not provide a basis for the plaintiffs' claim that defendants' conduct related to

those criminal proceedings violated their Due Process rights.  The unadjudicated citations for barking dog violations were dismissed as consideration for Mr. Walker's agreement to remove the dogs from the Teller County property.  The plaintiffs are bound by that bargain and cannot now challenge those charges as constitutionally invalid.

The plaintiffs' section 1983 claim is also based on allegations that their rights to equal protection of the laws guaranteed by the Fourteenth Amendment were violated because they were the target of selective enforcement of the Teller County Animal Control Ordinance pertaining to dog licensing.  Compl. ¶¶ 57-68, 74.  This claim is also precluded.  During the trial of Teller County Case Numbers 03-M-94 and 03-M-122, Mr. Walker complained of selective enforcement, asserting that the County had not required other kennel owners to obtain licenses and tags for each individual dog in a licensed kennel.  The court did not accept that argument as a defense.  If this court were to adjudicate that claim favorably to the plaintiffs, it would undermine the convictions and that is what *Heck v. Humphrey* precludes.

The plaintiffs' section 1983 claim is also based on allegations that their rights to be secure from unlawful search and seizure were violated in November 2004, when Animal Control Officer Cherie France entered their property through a closed and locked gate, entered their home, and overfed the dogs, causing some of the dogs to show signs of sickness.  Compl. ¶¶ 38-56, 73.  The plaintiffs allege that Mr. Walker was charged with 109 counts of animal cruelty after this incident. Compl. ¶ 53.

In their motion for summary judgment, the defendants argue that *Heck v. Humphrey* precludes the plaintiffs' claim arising out of Officer France's entry.  In support of this argument, the defendants assert that Officer France's entry resulted in the charges and convictions at issue in

Case Nos. 03-M-409, 03-M-418, 04-M-514, 03-M-517, and 03-M-599 (the barking dog cases), and those convictions have not been overturned.

This argument fails. The convictions in the barking dog cases preceded Officer France's entry onto the Walker property. Mr. Walker was convicted in Case Nos. 03-M-409, 03-M-418, 04-M-514, 03-M-517, and 03-M-599 – the five barking dog cases – on March 5, 2004. (Defs.' Ex. C). Officer France's entry onto the Property occurred on November 4, 2004. (Pls.' opp'n br. at 5, and exhibits 1 & 2). The legality of Officer Frances' entry onto the Walker property has not been litigated. At the disposition hearing on December 20, 2004, County Court Judge Peters observed:

> All right. I have all of these cases. The most recent one is 04M537, which is a hundred-some-odd counts of cruelty to animals that arises from an inspection that was made. And I don't know whether it was a lawful inspection or not under the circumstances. I guess that is something that will go unresolved. And there's disputed information about whether or not the dogs had been properly watered and fed.

(Defs.' Ex. I, at 16:1-5). The record indicates that the animal cruelty charges that were brought after Officer France's November 4 entry were dismissed as part of the December 20, 2004, plea agreement. Thus the plaintiffs' complaint about Officer France's conduct does not implicate the validity of any of the convictions. *Heck v. Humphrey* does not preclude the Fourth Amendment claim against Cherie France.

The defendants' motion for summary judgment did not address the merits of this claim, but it is apparent from the parties' briefs that there are factual disputes about the propriety of Officer France's entry onto the Walker property. The defendants contend that Officer France entered the Walker property to conduct an inspection under the authority of the probation order

entered on August 28, 2003, in Case Nos. 03-M-94 and 03-M-122 (the 2003 animal cruelty and licensing cases). That order stated, "Defendant is to make dogs available to Teller County Animal Control within 1-hour notice, unless the Defendant is in Colorado Springs then he has two hours." (Defs.' Ex. A). According to the plaintiffs, Officer France called their attorney on November 4, 2004, requesting that the dogs be made available for inspection, and in that conversation the Walkers' attorney informed Officer France that the probation order was stayed, that the Walkers were unavailable that day, and that the inspection would need to be postponed. The plaintiffs assert that Officer France ignored the information communicated by their attorney and entered their property and their home without authorization.

The plaintiffs have stated a valid claim under section 1983 against Officer France. As to the other defendants, however, the allegations of the complaint are insufficient to support liability. There are only vague allegations regarding the involvement of Deputy Sheriff Dietsche and Sheriff Dougherty in the alleged illegal entry, and those individuals cannot be held liable under section 1983 for the actions of Officer France. The plaintiffs' claims against the Board of County Commissioners, the Teller County Animal Control, and the Sheriff's Department are deficient because the allegations of official policy, customs, or practices are conclusory.

Based on the foregoing, its is

ORDERED that the plaintiffs' claims against all defendants are dismissed with the exception of the Fourth Amendment claim against Cherie France in her individual capacity.

Date: December 7, 2006        BY THE COURT:

                                                  s/Richard P. Matsch

                                                  Richard P. Matsch, Senior District Judge